**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ROBERT MORONI,

        Plaintiff,

v.

        CASE NO. 08-11167
        HON. LAWRENCE P. ZATKOFF

MEDCO HEALTH SOLUTIONS, INC.,

        Defendant.

_____/

## OPINION & ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on August 11, 2008

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I.  INTRODUCTION

This matter comes before the Court on Defendant's Motion to Dismiss Pursuant to Fed. R.

Civ. P. 12(b)(6) [dkt 5] and Plaintiff's Amended Motion for Leave to Amend His Complaint [dkt

8].  Defendant's Motion is fully briefed, and Defendant has responded to Plaintiff's Amended

Motion for Leave to Amend His Complaint.  The Court finds that the facts and legal arguments are

adequately presented in the parties' papers such that the decision process would not be significantly

aided by oral argument.  Therefore, pursuant to E.D. Mich. LR 7.1(e)(2), it is hereby ORDERED

that the Motions be resolved on the briefs submitted.  For the reasons set forth below, Defendant's

Motion is DENIED, and Plaintiff's Motion is GRANTED.

## II. BACKGROUND

Plaintiff is a consultant for, and Defendant is a third-party administrator of, prescription-drug

programs.  In 2005, Plaintiff negotiated with Defendant through the latter's authorized agents to

provide consulting services. On November 8, 2005, Defendant's agent Brian Griffin sent Plaintiff

an email in which he memorialized the terms arising out of the parties' negotiations.[1] This initial

email details specific areas in which Defendant desired Plaintiff's assistance:

> 1) Further development of the SEMI strategy and execution on our
> commitment to the Autos and BCBSM.
> 2) Devoping (sic) a proof statement around the SEMI Initiative that
> can be incorporated into our national ePrescribing strategy.
> 3) Consulting with us on our overall Autos strategy
> 4) Working with us on account specific Auto strategy as necessary.

The email correspondence further indicated that "[Defendant was thinking] of a one year retainer

which assumes a 2 day a week commitment. The retainer would be 150,000 per year payable

monthly." Finally, the email expressed a willingness to restructure the approach "to best meet

[Plaintiff's] objectives."

Plaintiff responded by email on the same day. In the responsive email, Plaintiff stated, "I

am happy to work on the items you have outlined below and also hopefully many other issues where

I know I can have a positive return for both you and [Defendant]." Plaintiff agreed with the two day

per week time commitment and indicated that if larger projects arose, he "would consider that out

of scope for this retainer." Plaintiff then proposed the following contract terms:

> • This would be a 13 month retainer starting December 1, 2005
> through December 31, 2006. I would like (sic) begin working
> on your projects in December so that we can execute ASAP
> in January.

---

[1] Plaintiff did not include this email in his initial Complaint. In Plaintiff's Amended
Motion for Leave to Amend His Complaint, Plaintiff seeks only to add this email as an exhibit.
Defendant argues that this Amended Motion should be denied because it is futile and does not
alter the fact that Plaintiff has failed to state a claim upon which relief may be granted. The
Court disagrees with Defendant and accordingly considers the email as part of Plaintiff's
Amended Complaint.

- The monthly retainer would be $17,000 ($204,000 annual). . . .
- All approved travel will be reimbursed by [Defendant] as appropriate.

Plaintiff concluded his email by requesting Defendant to let him "know the next step necessary to begin what I think will be a very solid relationship."

Defendant, again through Brian Griffin, replied to Plaintiff by email dated November 21, 2005. The text of this email expresses acceptance of Plaintiff's terms:

> Thanks for your feedback regarding the terms of a consulting arrangement. We accept your proposal of a 13 month retainer at $17,000 per month starting December 1, 2005 through December 31, 2006. We agree that approved travel would be reimbursed as appropriate by [Defendant]. I look forward to working with you on these important initiatives (and hearing about your other ideas). I will call you to discuss next steps.

Plaintiff commenced his obligations under the terms set forth in the email exchanges, making himself available and incurring travel expenses. Plaintiff presented invoices to Defendant reflecting amounts owed to him including the retainer fees and travel expenditures. Defendant refused to tender payment. Plaintiff now brings this suit, alleging Breach of Contract, Promissory Estoppel, and Unjust Enrichment / Quantum Meruit.

### III. LEGAL STANDARD

A motion brought pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted tests the legal sufficiency of Plaintiff's claims. The Court must accept as true all factual allegations in the pleadings, and any ambiguities must be resolved in Plaintiff's favor. *See Jackson v. Richards Med. Co.*, 961 F.2d 575, 577–78 (6th Cir. 1992). While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *See Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999). Further, the

Court need not accept as true legal conclusions or unwarranted factual inferences. The Court may properly grant a motion to dismiss when no set of facts exists that would allow Plaintiff to recover. *See Carter by Carter v. Cornwall*, 983 F.2d 52, 54 (6th Cir. 1993).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), this Court may only consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the [Court] may take judicial notice." 2 James Wm. Moore et al., *Moore's Federal Practice* ¶ 12.34[2] (3d ed. 2000). If, in deciding the motion, the Court considers matters outside the pleadings, the motion will be treated as one for summary judgment pursuant to Fed. R. Civ. P. 56. *See* Fed. R. Civ. P. 12(b).

## IV. ANALYSIS

In its Motion to Dismiss, Defendant argues that the alleged agreement violates the statute of frauds and is therefore unenforceable. In support of this contention, Defendant maintains that the email exchanges lacked essential terms and therefore comprised only an unenforceable, indefinite agreement to agree. Finally, Defendant notes that Plaintiff reached a settlement in a state-court action against General Motors, his former employer, for tortious interference with business relationships or expectancy. On account of this previous settlement, Defendant argues that Plaintiff is now seeking an impermissible recovery. In connection with this position, Defendant asserts that the terms of the settlement between Plaintiff and General Motors may impact the amount of relief properly requested and therefore remove this matter from this Court's jurisdiction.

Plaintiff sets forth various arguments in response to Defendant, including that the statute of frauds does not apply because he is alleging promissory estoppel. Alternatively, Plaintiff contends that the email correspondences amounted to an agreement of the essential terms of an employment

contract and is therefore enforceable. Lastly, Plaintiff notes that the settlement with General Motors is confidential, and the issue of double recovery is not properly before the Court.

The statute of frauds invalidates a contract that "by its terms, is not to be performed within 1 year from the making of the agreement . . . unless [it is] in writing and signed with an authorized signature by the party to be charged with the agreement, contract, or promise." Mich. Comp. Laws § 566.132(1). It is not always necessary that the writing commemorating the agreement take the form of a formal contract. Notes or memoranda that have "substantial probative value in establishing the contract" will satisfy the statute. *Opdyke Inv. Co. v. Norris Grain Co.*, 320 N.W.2d 836, 841 (Mich. 1982) (quoting *Goslin v. Goslin*, 120 N.W.2d 242, 244 (Mich. 1963)). The requirements of the statute of frauds are not specific or uniform. *See Goslin*, 120 N.W.2d at 244 (quoting 2 Corbin, *Corbin on Contracts*, § 498, at p. 683). Accordingly, a writing's "sufficiency in attaining the purpose of the statute depends in each case upon the setting in which it is found." *Id.* (quoting 2 Corbin, *Corbin on Contracts*, § 498, at p. 683).

Accepting the factual allegations of Plaintiff's Complaint as true and resolving all ambiguities in Plaintiff's favor, the Court finds that Defendant's Motion must fail. Defendant avers that the email correspondences constituted only an agreement to agree, evidenced in particular by the lack of essential terms. The correspondences, however, outline the length of employment, the compensation, the specific weekly time commitment, specific tasks to be performed as well as others to be contemplated both inside and outside the scope of the agreement, and the reimbursement of travel expenses. Defendant's last email unequivocally notes, "We accept your proposal of a 13 month retainer at $17,000 per month starting December 1, 2005 through December 31, 2006." Defendant takes the position that the email's concluding statement, "I will call you to discuss next

5

steps," indicates that no meeting of the minds occurred except to the extent that the parties agreed to discuss the matter in the future. At best, this concluding sentiment injects an ambiguity into the nature of the relationship between the parties, and the legal standard applicable to Defendant's Motion requires the Court to resolve ambiguities in Plaintiff's favor.

Additionally, Plaintiff's Complaint states that he began performance and incurred expenses in reliance on the alleged contract but was never paid. Accepting this to be true, the Court finds that Defendant's Motion to Dismiss is inappropriate. Finally, the Court cannot fathom how Defendant expects it to rely on a confidential settlement between Plaintiff and a different defendant in a separate case before a state court to dismiss Plaintiff's case or to divest this Court of its jurisdiction over the matter. The Court is wholly unconvinced how the simple knowledge that a settlement was reached between Plaintiff and General Motors—the terms of which are unknown—can provide a basis for any decision, much less a judgment of dismissal.

## V. CONCLUSION

For the above reasons,

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) [dkt 5] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Amended Motion for Leave to Amend His Complaint [dkt 8] is GRANTED.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  August 11, 2008

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on August 11, 2008.

S/Marie E. Verlinde
Case Manager
(810) 984-3290